RECEIVED
IN ALEXANDRIA, LA
NOV - 8 2010
TONY R. ....., CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE SAM (#341891) | DOCKET NO. 10-CV-1264; SEC.P |
| VERSUS | JUDGE DEE D. DRELL |
| AVOYELLES CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a pro se civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by Plaintiff Ronnie Sam on August 10, 2010. Leave to proceed in forma pauperis was granted on September 13, 2010. Plaintiff is a convicted sex offender incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He complains that he is being held beyond his good time release date, and he seeks damages of $1,000 for each day that he remains incarcerated beyond his good time release date.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Plaintiff was convicted of an unknown sex offense and is currently serving the resulting prison sentence. Plaintiff opted to receive diminution of sentence for good behavior in lieu of incentive wages in accordance with the provisions of Louisiana's

"good-time" law, La. R.S. 15:571.3[1]. He alleges that his good time release date has passed, yet he is still confined at AVC.

Although Plaintiff is eligible for early release, Louisiana's Revised Statutes require all sex offenders to have an approved residence plan before they can actually be released on parole. According to Revised Statute 15:574.4.3:

> E. (1) In cases where parole is permitted by law and the offender is otherwise eligible, **the Board of Parole shall not grant parole to any sex offender** either by an order of the Board of Parole or office of adult services pursuant to R.S. 15:571.3 **until** the Department of Public Safety and Corrections, division of probation and parole, has **assessed and approved the suitability of the residence plan of such offender. In approving the residence plan of the offender, the department shall consider the likelihood that the offender will be able to comply with all of the conditions of his parole.**

Plaintiff's residence plans have all been rejected.

According to the responses to Plaintiff's grievances, the DOC has sent every residence plan submitted by Plaintiff to the appropriate Probation and Parole District. However, none of the plans were approved by the investigators. The Department has also contacted outside agencies in an effort to find Plaintiff a

---

[1] 15:573.1(A)(1) Every prisoner in a parish prison convicted of an offense and sentenced to imprisonment without hard labor, except a prisoner convicted a second time of a crime of violence as defined by R.S. 14:2(B) or when the sentencing court has denied or conditioned eligibility for "good time" as provided in R.S. 15:537, may earn a diminution of sentence, to be known as "good time," by good behavior and performance of work or self-improvement activities, or both. The amount of diminution of sentence allowed under this Paragraph shall be at the rate of thirty days for every thirty days in actual custody, except for a prisoner convicted a first time of a crime of violence, as defined in R.S. 14:2(B), who shall earn diminution of sentence at the rate of three days for every seventeen days in actual custody, including in either case time spent in custody with good behavior prior to sentence for which the prisoner is given credit.

suitable residence. [Doc. #1, p.12] According to the D.O.C. Secretary, "The department is working to secure acceptable residence plans for offenders. Unfortunately, due to the number of offenders without an approved residence we can not provide you any shelters that we [sic] accept you at this time." [Doc. #1, p.13]

### Law and Analysis

As an initial matter, the Court notes that Plaintiff is challenging the very fact and duration of his physical imprisonment, which should be pursued through a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Nevertheless, Plaintiff's complaint is not a habeas petition, and he does not expressly request habeas relief, i.e., immediate or speedier release from imprisonment.[2] Rather, Plaintiff brought this lawsuit pursuant to 42 U.S.C. §1983, and he seeks only injunctive relief and monetary damages. However, even if his claims are considered under §1983, they are barred for the following reasons.

The United States Supreme Court has stated that a §1983 plaintiff may not recover damages for allegedly unconstitutional conviction *or imprisonment*, or for other harm caused by actions which would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct

---

[2]The Court notes that, before seeking habeas relief under either 28 U.S.C. § 2241 or 2254, a state prisoner must first exhaust available state court remedies. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

3

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Under Heck, a plaintiff's federal claim for damages is therefore barred as premature if a judgment in his favor on the claim would "necessarily imply" the invalidity of his state conviction *or his confinement*. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996). Heck has been extended to also bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

In the instant case, a judgment in Plaintiff's favor awarding money for each day of incarceration past his good time release date would necessarily imply the invalidity of his sentence. Accordingly, Plaintiff's §1983 claim is currently barred by Heck. Because Heck dictates that a cause of action seeking damages under §1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, the §1983 complaint should be dismissed with prejudice. See Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Boyd v. Biggers, 31 F.3d 279

4

(5th Cir. 1994); <u>Arvie v. Broussard</u>, 42 F.3d 249 (5th Cir. 1994).

## *Conclusion*

Plaintiff's claim has no arguable basis in law or fact and should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 8th day of November, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE